ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, July 1, 2022 8:09:14 PM
CASE NUMBER: 2022 CV 02934 Docket ID: 36430568
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

COURT OF COMMON PLEAS
MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| JENNIFER BALLARD<br>420 Oxford Ave.<br>Dayton, Ohio 45402 | : | CASE NO. _____ |
| | : | (JUDGE _____) |
| Plaintiff | : | |
| v. | : | |
| ARAMARK<br>2400 Market St.<br>Philadelphia, PA 19103 | : | **COMPLAINT** |
| | : | **WITH JURY DEMAND** |
| Defendant | : | |

Now comes Plaintiff, Jennifer Ballard, by and through undersigned counsel, and for her

Complaint against Defendant Aramark, states as follows:

1.    Plaintiff Ballard is a resident of Montgomery County, Ohio.

2.    Upon information and belief, Defendant Aramark is a foreign corporation with a principal

place of business in Philadelphia, Pennsylvania.

3.    This Court has jurisdiction over Plaintiff's claims insofar as they arise under Ohio statutory

and common law.

4.    Venue is proper in this Court pursuant to Ohio Civ. R. 3(B)(3) and (6) because Defendant

conducted activity in Montgomery County, Ohio giving rise to Plaintiff's claims for relief,

and all or part of Plaintiff's claims for relief arose in Montgomery County, Ohio.

ADMINISTRATIVE PROCEDURES

5.    Plaintiff Ballard has satisfied all statutory requirements to filing suit by filing a timely

complaint of discrimination with the Ohio Civil Rights Commission ("OCRC") on

November 17, 2021.

6. The OCRC issued a Notice of Right to Sue on April 28, 2022, which was received by Plaintiff on May 3, 2022.

7. Plaintiff Ballard filed this Complaint within the period prescribed under R.C. § 4112.052(C)(2)(a).

## FACTUAL ALLEGATIONS

8. At all times relevant to this Complaint, Plaintiff Ballard worked for Defendant Aramark's facility services division as a server for the Dayton Correctional Facility located in Montgomery County, Ohio.

9. Plaintiff Ballard is a Caucasian female whose immediate supervisor is African American.

10. As a part of her job duties, Plaintiff Ballard was required to deliver food items to inmates at the Dayton Correctional Facility.

11. At all relevant times, Plaintiff Ballard performed the necessary functions of her job.

12. Plaintiff Ballard's immediate supervisor frequently made jokes to Plaintiff's coworkers and in front of inmates that Plaintiff Ballard must be a member of the Ku Klux Klan because she is the only Caucasian employee in the group. At times, Plaintiff's supervisor and coworkers even referred to Plaintiff as "KKK" when addressing her.

13. On or around November 17, 2019, Plaintiff Ballard was terminated allegedly for "handing out a bag of pretzels to an inmate" but this is a customary practice of all servers and Plaintiff Ballard was never informed of any other policy.

14. Plaintiff Ballard was terminated while other African American employees that were similarly situated and who also handed out pretzels to inmates were not terminated or otherwise reprimanded.

FIRST CLAIM FOR RELIEF
**(Intentional Racial Discrimination – Ohio R.C. § 4112.02)**

15.      Plaintiff re-alleges the foregoing paragraphs as if fully rewritten herein.

16.      In violation of R.C. § 4112.02, Defendant unlawfully discriminated against Plaintiff by terminating her because of her race.

17.      Defendant Aramark is an "employer" within the meaning of R.C. § 4112.01(2).

18.      Plaintiff Ballard was an employee of Defendant Aramark within the meaning of R.C. § 4112.01(3).

19.      Defendant subjected Plaintiff to materially adverse actions in the form of termination of Plaintiff's employment.

20.      In taking the above-described discriminatory action, Defendant acted with malice and reckless indifference to Plaintiff's rights under R.C. § 4112.02.

21.      As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages, including, without limitation, economic damages, emotional pain and suffering, and other losses to be proven at trial.

SECOND CLAIM FOR RELIEF
**(Wrongful Discharge in Violation of Public Policy)**

22.      Plaintiff re-alleges the foregoing paragraphs as if fully rewritten herein.

23.      There exists a clear public policy as manifested in Ohio R.C. § 4112.02.

24.      Defendant's termination of Plaintiff under the circumstances jeopardizes the public policy.

25.      Plaintiff's termination was motivated by Plaintiff's conduct related to the public policy.

26.      Defendant lacked overriding legitimate business justification for terminating Plaintiff.

27.      As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages, including, without limitation, economic damages, emotional pain and suffering, and other losses to be proven at trial.

FOURTH CLAIM FOR RELIEF

**(Punitive Damages)**

28.     Defendant's conduct was intentional, malicious, willful, and in complete and conscious

disregard for Plaintiff's legal rights.  Thus, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff Jennifer Ballard prays for judgment against Defendant Aramark

for any and all remedies available under Ohio law, including, without limitation, economic and

non-economic damages in an amount to be determined at trial, punitive damages, interest,

attorney's fees, expert fees and costs.  Plaintiff further prays for such other legal and equitable

relief to which Plaintiff may be entitled.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ John (Hui) Li*
John (Hui) Li (#0082661)
JHL LEGAL LLC
3209 Carrier Ave.
Dayton, OH 45429
Telephone: (513) 502-4646
jli@jhllegal.com

*Trial Attorney for Plaintiff*
*Jennifer Ballard*

**NOTICE TO THE CLERK:**

Service is to be made upon Defendant by certified mail with return receipt requested and, in accordance with Civil Rule 4.6, ordinary mail waiver requested, at the address set forth on Page 1.